UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
CENTRAL ISLIP

-----------------------------------------------------X

UNITED STATES OF AMERICA

    -   against -

NORTHRIDGE CONSTRUCTION CORPORATION,

    Defendant.

-----------------------------------------------------X

INFORMATION

Cr. No. **CR 23 486**

Title 29 United States Code,
Section 666(e) and Title 18 United
States Code 1505

AZRACK, J.

WICKS, M.J.

THE ASSISTANT ATTORNEY GENERAL CHARGES THAT:

### FACTUAL BACKROUND

1. Northridge Construction Corporation (NORTHRIDGE) was a privately-owned business organization, established under the laws of the State of New York in January 2016. NORTHRIDGE's principal business was wood framing of single and multi-family residences, and its office was located in East Patchogue, New York.

2. Supervisor A was a construction manager employed by NORTHRIDGE beginning in May 2017. As a manager, Supervisor A was responsible for ensuring the safety of NORTHRIDGE employees on job sites.

### OCCUPATIONAL SAFETY AND HEALTH ACT

3. The United States Department of Labor (DOL), a department of the executive branch of the United States Government, was responsible for the enforcement of federal laws pertaining to labor and employment conditions.

1

4. The Occupational Safety & Health Act (OSH Act) authorized the Occupational Safety & Health Administration (OSHA), an agency of the DOL, to promulgate workplace safety and health standards and required employers to comply with these standards. 29 U.S.C. §§ 654, 655.

5. Pursuant to Title 29, United States Code, Section 655, OSHA promulgated a safety and health standard covering "structural steel assembly." 29 C.F.R. § 1926.754. The standard required that "structural stability shall be maintained at all times during the erection process." 29 C.F.R. § 1926.754(a).

6. An "employer" was statutorily defined at Title 29, United States Code, Section 652(5). Defendant NORTHRIDGE was an "employer" under the OSH Act.

7. An "employee" was statutorily defined at Title 29, United States Code, Section 652(6). Garry Cook was defendant NORTHRIDGE's "employee" under the OSH Act.

COUNT ONE
Willful OSHA Violation Causing Death to Employee
(29 U.S.C. § 666(e))

8. The allegations contained in paragraphs 1 through 7 are realleged and incorporated as if fully set forth in this paragraph.

9. On or about December 8, 2018, in the Eastern District of New York, defendant NORTHRIDGE, an employer, acting through its agents and employees, willfully failed to maintain the structural stability of a metal shed during the erection process, in violation of Title 29, Code of Federal Regulations, Section 1926.754, and that violation caused the death of employee Garry Cook.

All in violation of 29 U.S.C. § 666(e).

2

## COUNT TWO
### Obstruction of Proceedings before Departments, Agencies, and Committees
### (18 U.S.C. § 1505)

10. The allegations contained in paragraphs 1 through 7 are realleged and incorporated as if fully set forth in this paragraph.

11. On or about January 16, 2019, in the Eastern District of New York, defendant NORTHRIDGE, by and through its employees and agents acting on its behalf and for its benefit, did corruptly influence, obstruct, and impede the due and proper administration of the law under which a pending proceeding was being had before OSHA, an agency of the executive branch of the Government of the United States, by making false and misleading statements in response to questioning by an OSHA certified safety and health official about Garry Cook's fall on December 8, 2018, in that Supervisor A represented: (i) he did not witness the incident and; (ii) Garry Cook and another NORTHRIDGE employee were on the scissor lift just prior to Cook falling to the ground.

All in violation of 18 U.S.C. § 1505.

## COUNT THREE
### Obstruction of Proceeding before Departments, Agencies, and Committees
### (18 U.S.C. § 1505)

12. The allegations contained in paragraphs 1 through 7 are realleged and incorporated as if fully set forth in this paragraph.

13. On or about March 29, 2019, in the Eastern District of New York, defendant NORTHRIDGE, by and through its employees and agents acting on its behalf and for its benefit, did corruptly endeavor to influence, obstruct, and impede the due and proper administration of the law under which a pending proceeding was being had before OSHA, an agency of the

executive branch of the Government of the United States, in that Supervisor A made false and misleading statements in response to questions from the DOL Solicitor's Office attorney during a deposition regarding federal worker safety regulatory violations and Garry Cook's fall from the metal shed roof to include representing that: (i) at no point in the day was a worker on the shed roof; (ii) workers were not on the container; (iii) while employees were in the shed working on the roof, they were wearing hard hats; (iv) the last time Supervisor A saw Garry Cook, he was on the scissor lift in the shed installing roof panels; (v) no employee was installing roof panels other than on the scissor lift inside the shed; (vi) at the time Garry Cook fell, two other workers were on each end of the front truss with a ladder locking the trusses in place; (vii) Supervisor A had no understanding of how the incident occurred; and (viii) Supervisor A did not have a conversation with the other employees about what had happened before the police got there.

All in violation of 18 U.S.C. § 1505.

_____ For          Date  11/27/23
TODD KIM
Assistant Attorney General
Environment and Natural
Resources Division

_____                _____
Daniel Dooher                           Rachel Roberts
Senior Trial Attorney                   Trial Attorney
Environmental Crimes Section            Environmental Crimes Section

4

**RECEIVED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   NOV 28 2023   ★

LONG ISLAND OFFICE